**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON SAMPSON,** | : | **Civil Action No.** |
| **3939 Reno Street** | : | |
| **Philadelphia, PA 19104** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **TRINITY HEALTH MID-ATLANTIC** | : | |
| **d/b/a NAZARETH HOSPITAL,** | : | |
| **2601 Holme Avenue** | : | |
| **Philadelphia, PA 19152** | : | |
| | : | |
| **3805 West Chester Pike, Suite 100** | : | |
| **Newtown Square, PA 19073** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Leon Sampson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Trinity Health Mid-Atlantic d/b/a Nazareth Hospital (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Trinity Health Mid-Atlantic d/b/a Nazareth Hospital is a healthcare system with a location at 2601 Holme Avenue, Philadelphia, PA 19152 and corporate headquarters located at 3805 West Chester Pike, Suite 100, Newtown Square, PA 19073.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9.  The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and gender discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2022-05133 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 2, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American male.

21. On June 6, 2018, Defendant hired Plaintiff in the position of Environmental Service Worker ("ESW").

22. On or around January 20, 2021, Defendant transferred Plaintiff from night shift to day shift.

23. As a result of the transfer, Plaintiff began to work with Astride "Ashley" Desameau (Haitian), ESW.

24. In February 2021, Ms. Desameau made a fraudulent complaint about Plaintiff saying something inappropriate to her.

25. Plaintiff did not make any inappropriate comments to Ms. Desameau.

26. Bill Fischer, Regional Manager for Hospitality, informed Plaintiff that he would not get disciplined for the complaint, as he knew that Ms. Desameau's allegation was false.

27. However, Mr. Fischer refused to discipline Ms. Desameau for knowingly making a false allegation against Plaintiff.

28. On March 10, 2021, Othena Redfield, Director of Environmental Services and Laundry, called Plaintiff into the office with Gary Catts, Director of Security.

29. Ms. Redfield informed Plaintiff that Ms. Desameau reported that he had brought a firearm to Defendant.

30. Plaintiff did not bring a firearm to Defendant and informed them of this.

31. They proceeded to search Plaintiff's locker and vehicle, and it was shown that he did not bring a firearm to work.

32. However, Ms. Desameau again was not disciplined for making this false allegation.

33. Ms. Desameau continued to harass Plaintiff by making offensive comments such as, "bitch ass nigga" and "pussy", whenever she walked past Plaintiff at Defendant.

34. Plaintiff proceeded to complain to Ms. Redfield, Kathy Priest, Human Resources, and Dr. Michael Magro, President, about Ms. Desameau's discriminatory comments and constant harassment.

35. However, Defendant refused to address Plaintiff's complaints.

36. Ms. Desameau continued her harassment of Plaintiff.

37. On September 19, 2021, Russ Stanley, Supervisor, assigned Plaintiff to clean multiple floors by himself.

38. This was an inordinate amount of work, and Plaintiff believed that it was retaliatory for his complaints.

39. On September 20, 2021, Plaintiff called Mr. Fischer and informed him that he was resigning from Defendant effective immediately.

40. Plaintiff informed Mr. Fischer that the reason for his resignation was Ms. Desameau's constant harassment and Defendant's refusal to address it.

41. Plaintiff was constructively discharged.

42. It is Plaintiff's position that he was discriminated against due to his gender and race and retaliated against for reporting the aforementioned discrimination in violation of Title VII and the PHRA.

## COUNT I – RACE DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff is a member of protected classes in that he is African American.

45. Plaintiff was qualified to perform the job for which he was hired.

46. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

47. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

48. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

49. Defendants discriminated against Plaintiff on the basis of race.

50. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

51. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African American).

54. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – GENDER DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a member of protected classes in that he is male.

57. Plaintiff was qualified to perform the job for which he was hired.

58. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

59. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

60. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

61. Defendants discriminated against Plaintiff on the basis of gender.

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

63. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – GENDER DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his gender (male).

66. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff engaged in protected activity protected by Title VII when he complained about race and gender discrimination.

69. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

70. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff engaged in activity protected by the PHRA when he complained about race and gender discrimination.

73. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Leon Sampson, requests that the Court grant him the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j)     Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: December 1, 2022          **By:**     */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*